IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ray Dean Belcher, <br><br> Plaintiff, <br><br> v. <br><br> Andrew M. Saul, Commissioner of the Social Security Administration, <br><br> Defendant. | Case No. 4:18-cv-02569-TLW <br><br><br> Order |

Plaintiff Ray Dean Belcher brought this action pursuant to Section 205(g), as amended 42 U.S.C. 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying his claims for Disability Insurance Benefits and Supplemental Security Income. This matter is before the Court for review of the Report and Recommendation (Report) filed by United States Magistrate Judge Thomas Rogers, III. In the Report, the Magistrate Judge recommends affirming the Commissioner's decision. ECF No. 20. Plaintiff filed objections to the Report. ECF No. 22. The Commissioner replied to Plaintiff's objections. ECF No. 24. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections…. The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report, the objections thereto, and all other relevant filings. The issues before the Court are whether the final decision of the Commissioner, that Plaintiff's disability ended on January 31, 2015, is supported by substantial evidence and whether the proper legal standards were applied. After reviewing the record and the decision of the ALJ, and in light of the objections filed, the Court concludes that the ALJ supported his decision meeting the substantial evidence standard.

Plaintiff first objects that the ALJ improperly found that Plaintiff did not have a severe impairment for intellectual deficits and did not meet Listing 12.05(c). Second, Plaintiff objects that the ALJ failed to cite evidence that supports a finding that medical improvement had occurred, particularly regarding Plaintiff's back condition. For the reasons stated, the Court overrules the objections.

The ALJ recounted in detail the allegations regarding claimant's education and any related limitations. The ALJ noted that claimant had twice scored a full scale

2

IQ between 60 and 70. Claimant argues that this satisfies the requirement of Listing 12.05(c) for a "valid verbal, performance, or full scale IQ score of 60 through 70…" 20 C.F.R. § Pt. 404, App. 1, Listing 12.05. However, as the Magistrate Judge shows, an IQ score between 60 and 70 is not automatically binding. *See Hancock v. Astrue*, 667 F.3d 470, 474 (4th Cir. 2012). The Commissioner may "reject such scores if they are inconsistent with other substantial evidence in the record such as conflicting professional opinions or other record evidence indicating that the claimant is historically higher achieving or has more advanced functional capacities than would be expected from someone with a below-average I.Q." *Maybank v. Astrue*, No. 4:08-cv-0643-MBS, 2009 WL 2855461, at *11 (D.S.C. Aug. 31, 2009).

In determining claimant's mental impairment, the ALJ discussed at length claimant's activities of daily living, including claimant's ability to maintain SGA level work from October 2006 through March 2012, as well as the evaluations of the two state agency specialists who administered the IQ tests. In the state agency specialists' own opinions, the IQ scores underestimated claimant's abilities. Psy. D. James N. Ruffing stated in his June 8, 2013, examination that claimant's "overall intellectual functioning is likely at least in the mid borderline if not higher range of intellectual capacity." ECF No. 14-1 at 3. Psy. D. Caleb Lorring, IV, stated in his September 4, 2014 examination that claimant's "scores may be in the extremely low range in a couple of domains, but these scores would be inconsistent with the activities of daily living Mr. Belcher is capable of accomplishing. At the time of the assessment, he appears to be an individual who would be capable of learning simple tasks and completing them at an adequate pace with persistence in a vocational setting." Tr.

3

418. In light of the evidence cited, the Court concludes that the ALJ supported his decision that claimant's mental impairments were not severe with substantial evidence.

In Plaintiff's second objection, he argues that the ALJ did not adequately show medical improvement. Medical improvement is defined in the regulations as "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled…" 20 C.F.R. § 404.1594(b)(1). To determine whether medical improvement has occurred, the severity of the claimant's current medical condition is compared to the severity of the condition "at the time of the most recent favorable medical decision that [the claimant was disabled." *Id*.

The ALJ analyzed numerous medical records to articulate evidence that showed a betterment in Plaintiff's back condition, citing Exhibits 10F/2, 12F/3, 12F/7-8, 12F/13, 12F/17, 12F4-5, 12F/8-9, 12F/13, 12F/18-19, 12F/22, 12F/24-25, 12F/27-28, 13F/52, 12F/30, 12F/7, 12F/35-36, 13F/40, 12F/40, 12F/43, 13F/53, 14F/10, 14F/19-20, 14F/5, 14F/10, 14F/12. (Tr. 28-29). The ALJ concluded, based on treatment notes, exams, and objective imaging, that betterment had occurred, and Plaintiff's back condition supported a medium RFC. (Tr. 29). In light of the evidence cited, the Court concludes that the ALJ supported his finding of medical improvement, specifically in regards to Plaintiff's back condition, with substantial evidence.

The role of this Court is to decide (1) whether the ALJ has supported his decision with substantial evidence, and (2) whether the conclusions reached by the Commissioner are legally correct. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990).

4

The Court has carefully considered the objections to the Report. After careful review of the ALJ's decision and the evidence cited to in the record, the Court finds that the ALJ supported his decision with substantial evidence. The ALJ did consider the issue of medical improvement. The Court notes and finds persuasive the detailed analysis set forth in the Report of the Magistrate Judge, which concludes that the ALJ's determinations that the Plaintiff did not meet a diagnosis of borderline intellectual functioning and that medical improvements had occurred are based upon substantial evidence and without legal error based on cited caselaw.

After careful consideration of the Report, objections thereto, and the record before the Court and for the reasons stated herein, it is hereby **ORDERED** that the Report, ECF No. 20, is **ACCEPTED**, and Plaintiff's objections, ECF No. 22, are **OVERRULED**. The Commissioner's decision is hereby **AFFIRMED**.

**IT IS SO ORDERED**.

                                                        *s/ Terry L. Wooten*
                                                        Terry L. Wooten
                                                        Senior United States District Judge

March 2, 2020
Columbia, South Carolina